**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DR. DAVID SHIFRIN, *et al.* | |
| Plaintiffs, | |
| v. | No. 21-cv-00799 |
| | Judge Franklin U. Valderrama |
| JOHN DOES 1-78, | |
| Defendants. | |

### Order

Plaintiffs initiated this case in the Circuit Court of Cook County, Illinois, County Department, Law Division, as Case No. 2020-L-013774. R.1-1, Compl.[1] Defendants John Doe 12 and John Doe 17 (Removing Defendants) then filed a Notice of Removal, removing this case to the Court, asserting that the Court has both federal question jurisdiction and diversity jurisdiction. R. 1, Notice of Removal. However, for the reasons stated below, the Court lacks subject matter jurisdiction, and remands this case back to the Circuit Court of Cook County, Illinois, County Department, Law Division.

Once a case is removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States' and is inflexible and without exception." *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) (citations omitted). "A defendant has the right to remove a case from state to federal court when the federal court could exercise jurisdiction in the first instance." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006) (citing 28 U.S.C. § 1441). Moreover, "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). Here, Removing Defendants have failed to meet their burden.

---

[1]Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

Removing Defendants first assert that the Court has federal question jurisdiction "under 28 U.S.C. § 1331 because plaintiffs' [Computer Fraud and Abuse Act (CFAA)] claim arises under federal law." Notice of Removal ¶ 5. Yet, the CFAA count in this case is almost identical to the same count in the complaint Plaintiffs filed in Case No. 20-cv-05932. Just as the Court stated in that case, the Court "is not persuaded that plaintiffs plead a plausible claim under Section 1030. The complaint does not allege that that the Does targeted Yelp or Google services belonging to plaintiffs, and . . . what is alleged is not a disruption of a third-party computer that disabled or damaged an account belonging to plaintiffs. The complaint does not plead that damage, as defined under Section 1030(e)(8), to plaintiffs' data or information housed on third-party servers occurred. And the 'loss' claimed does not relate to assessing damage because of an interruption of service or impaired data. So while plaintiffs may have suffered an Article III injury, the court is not persuaded that they state a federal claim." Case No. 20-cv-05932, R. 6. Accordingly, because Removing Defendants have failed to establish federal question jurisdiction, the Court does not have federal question jurisdiction over this case.

Removing Defendants then assert that "the Court has diversity jurisdiction of this action under 28 U.S.C. § 1332" because the citizenship of the known parties is completely diverse, and because "[t]he complaint alleges damages in excess of $50,000 and it appears that the amount in controversy exceeds $75,000, exclusive of interests and costs." Notice of Removal ¶¶ 6–8. "Removal based on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000, exclusive of interests and costs." *Fox v. P.A.M. Transport, Inc.*, 2019 WL 5725444, at *1 (S.D. Ill. Nov. 5, 2019) (citing 28 U.S.C. § 1332; *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2014)).

Yet, Removing Defendants do not provide any information on the remaining defendants in the case and their respective citizenship. In the underlying Complaint, Plaintiffs only allege that John Does 1-78 "are unknown individuals who, upon information and belief, reside outside of the State of Illinois." Compl. ¶ 8. Yet, again, as the Court stated in Case No. 20-cv-05932, "[a]n allegation that defendants 'upon information and belief, reside outside the State of Illinois' . . . is not enough to plead diversity jurisdiction. *See Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018) ('[A] complaint may not merely allege diversity of citizenship without identifying the defendants' states of citizenship . . . and it is difficult to perceive any material difference between that practice and the bare assertion that the defendants are citizens of another state different from the Plaintiff.'); *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ('In a diversity case . . . it is not enough for the plaintiff to allege that the claim is within the diversity jurisdiction; the complaint must allege the citizenship of the parties and the amount in controversy.')." Case No. 20-cv-05932, R. 6. Because Removing Defendants have failed to establish diversity of citizenship, on this basis alone, the Court does not have diversity jurisdiction over this case.

2

The Court remands this case back to the Circuit Court of Cook County, Illinois, County Department, Law Division. This civil case is terminated.

Dated:  April 28, 2021

_____
United States District Judge
Franklin U. Valderrama